Electronically FILED by Superior Court of California, County of Los Angeles on 12/08/2020 11:50 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
20STCV46889

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ROLLING FRITO-LAY SALES, LP; and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES MORAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Los Angeles Stanley Mosk Courthouse, 111 N Hill St, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* 20STCV46889 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Geoffrey C. Lyon; Lyon Law PC; 10960 Wilshire Blvd., Ste 820, Los Angeles, CA 90024; (310)-818-7700

| DATE: *(Fecha)* 12/08/2020 | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by R. Clifton | , Deputy *(Secretario)* *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**



1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* **Rolling Frito-Lay Sales, LP**

   under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [X] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

---

**EXHIBIT A**

ctronically FILED by Superior Court of California, County of Los Angeles on 12/08/2020 11:30 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

Case 2:21-cv-00427-AB-SK   Document 1-1   Filed 01/15/21   Page 2 of 37   Page ID
#:16

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
ROLLING FRITO-LAY SALES, LP; and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JAMES MORAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Superior Court of California, County of Los Angeles Stanley Mosk Courthouse, 111 N Hill St; Los Angeles, CA 90012 | CASE NUMBER: (Número del Caso):<br>20STCV46889 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Geoffrey C. Lyon; Lyon Law PC; 10960 Wilshire Blvd., Ste 820, Los Angeles, CA 90024; (310)-818-7700

| | | | |
|---|---|---|---|
| DATE:<br>(Fecha) 12/08/2020 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>(Secretario) R. Clifton | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [ ] on behalf of (specify):

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other (specify):
4. [ ] by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2008)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

## EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/08/2020 11:30 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV46889
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Draper

GEOFFREY C. LYON (Cal. Bar No. 132747)
*glyon@lyonlawyer.com*
**LYON LAW PC**
10960 Wilshire Blvd Ste 820
Los Angeles CA 90024-3732
Tel: 310-818-7700; Fax: 424-832-7405

Attorneys for Plaintiff,
JAMES MORAN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA - COUNTY OF LOS ANGELES**

**STANLEY MOST COURTHOUSE**

| | |
|---|---|
| JAMES MORAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>ROLLING FRITO-LAY SALES, LP;<br>and DOES 1 to 10,<br><br>                    Defendants. | Case No. 20STCV46889<br><br>**COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION, CFRA & DISABILITY RETALIATION AND RELATED CLAIMS**<br><br>Unlimited Jurisdiction<br>Jury Trial Demanded<br><br>Judge: To be assigned<br>Dept: To be assigned<br><br>Complaint Filed:<br>Trial Date:  None Set |

COMES NOW JAMES MORAN ("Plaintiff") and for his causes of action against Defendant ROLLING FRITO-LAY SALES, LP ("Employer") and DOES 1-10, allege as follows:

**I.**

**SUBJECT MATTER JURISDICTION**

1.      This action is brought pursuant to California Govt. Code sections § 12940;; Labor Code § 1102.5; California tort law and Civ. Code § 3294.

2.      Plaintiff has timely exhausted Plaintiff's administrative remedies with respect to the named defendant(s).  True and correct copies of Plaintiff's administrative complaint(s) to, and Right-To-Sue Notice(s) from, the California Department of Fair Employment and Housing is attached hereto as Exhibit 1 and incorporated herein.

3.      This Court has subject matter jurisdiction over the causes of action alleged in

**EXHIBIT A**

this complaint.

## II.

## PERSONAL JURISDICTION AND VENUE

4.      At all relevant times, Plaintiff JAMES MORAN ("Plaintiff" or "Mr. Moran") is and was an individual residing in the County of Los Angeles, State of California.

5.      At all relevant times, Defendant ROLLING FRITO-LAY SALES, LP ("Employer") is and was a corporation organized under the laws of the State of Texas, authorized to do and doing business in the County of Los Angeles, State of California.

6.      The violations of law described in this complaint have been committed within the County of Los Angeles, State of California.

7.      Pursuant to section 393 of the California Code of Civil Procedure, the County of Los Angeles is a proper and legal venue for this case.

8.      The true names and capacities of the Defendants named herein as DOES 1 to 10, inclusive, whether individual, proprietorship, partnership, corporate, associate, alter ego, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474. Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

9.      The wrongful conduct of Employer set forth in the General Allegations and various Causes of Action proximately caused Plaintiff to suffer damages, injuries, loss and/or harm, including but not limited to physical, mental and emotional injuries and distress, pain and suffering, lost wages and benefits and health care expenses, and other general, special and statutory damages in amounts to be proven.

## III.

## GENERAL ALLEGATIONS

10.     Plaintiff JAMES MORAN ("Plaintiff") was employed by Defendant ROLLING FRITO-LAY SALES, LP ("Employer") from approximately March 2016 through Plaintiff's termination on or about September 12, 2019. Plaintiff worked full-time at 1500 Francesco Street, Torrance, CA 90501. Plaintiff's job title was "Warehouser", and Plaintiff's duties included selecting cases of products. Plaintiff worked under managers and supervisors including Operations Manager Robert Sanchez ("Mgr. Sanchez"), Operations Manager Matthew Perez ("Mgr. Perez"), and Zone Operations Manager Barbara Sierra ("Mgr. Sierra"). At all relevant times, Plaintiff performed his duties competently and satisfactorily, and Employer's stated reasons for termination of Plaintiff's employment were pretexts for unlawful discrimination and retaliation.

-2-

COMPLAINT

**EXHIBIT A**

11.     On or about October 9, 2018, Plaintiff was written up for using the restroom while not on a rest break or lunch break. The Operations Manager at the time, Maninder Grewal ("Mgr. Grewal"), saw and spoke with Plaintiff in the restroom and later told Supervisor Andrew Martinez ("Supr. Martinez") to give Plaintiff a write-up. Plaintiff spoke to Human Resources Representative Claudia Cuervas ("Rep. Cuervas") about the matter, who agreed to switch the status of the action from a write-up to a verbal coaching. Plaintiff also contacted an employee support hotline about the matter; the hotline operators never responded to Plaintiff.

12.     During the period of Plaintiff's employment with Employer, Plaintiff had, and/or was perceived by Employer as having and/or likely to have disabilities in the future. These disabilities included but are not limited to "Shoulder Strain- Strain of Unspecified Muscle, Fascia, and Tendon At Shoulder and Upper Arm Level, Left Arm, Initial Encounter," and related physical symptoms, including severe pain, greatly restricted mobility and severe weakness in the affected parts of the body, and/or other named symptom and related symptoms, conditions and limitations. Plaintiff also took medications for his disabilities and related conditions. On information and belief, such medications and their side effects were, or were perceived by Employer to be, actually or potentially disabling. Plaintiff's disabilities did and/or were regarded by Employer as interfering with and limiting Plaintiff's major life activities, including ability to work. Plaintiff's disabilities required reasonable accommodations, including but not limited to periodic time off work for medical treatment and recuperation from flare ups of symptoms, rest breaks during work, and alternating between sitting and standing at work. Employer failed and refused to provide reasonable accommodations for Plaintiff's disabilities.

13.     At all relevant times Plaintiff was qualified for Plaintiff's job position with Employer, and could perform all essential functions of Plaintiff's job, and of reasonably available alternative positions of Employer, either with or without reasonable accommodations, without unreasonably endangering Plaintiff's or anyone else's health or safety

14.     On or about March 28, 2019, Plaintiff was approved for intermittent FMLA/CFRA family care leave for March 28, 2019 to September 27, 2019 to take care of his father, who was on hospice care.

15.     From in or around March 2019 to in or around April 2019, Plaintiff assisted in caring for the medical needs of his father and father-in-law.

16.     From in or around March 2019 to in or around August 2019, while Plaintiff and his coworkers did "stretch outs" on their breaks, Plaintiff's coworkers, including but not limited to Eric Nunez "Mr. Nunez," Hugo Limon "Mr. Limon," Art Torez "Mr. Torez," Miguel LNU, and

-3-

COMPLAINT

**EXHIBIT A**

Edwin LNU made remarks about Plaintiff's FMLA/CFRA. Their remarks, in words or substance, included "I wish I could have time off" and "I wish I could go on vacation." These remarks were made in front of Plaintiff's managers. Plaintiff was offended and expressed opposition to the remarks, but Plaintiff's managers never investigated or took steps to prevent the harassing remarks.

17.     On or about April 6, 2019, Plaintiff's father-in-law passed away.

18.     On or about April 26, 2019, Plaintiff's father passed away.

19.     In or around May 2019, Plaintiff's coworker Hugo Limon "Mr. Limon" took more time off than he was supposed to using FMLA/CFRA. Plaintiff informed Rep. Cuervas, who did not respond and did not write up Mr. Limon.

20.     On or around May 17, 2019, Plaintiff was written up for clocking out of his break 7 minutes into his break.

21.     On or about May 24, 2019, Mgr. Sierra reported to Rep. Cuervas that someone else had clocked Plaintiff in to work that day. However, as noted on the subsequent written report, employees Andreas LNU ("Emp. Andreas") and David LNU ("Emp. David") both witnessed Plaintiff clocking himself in to work. Mgr. Sierra sent Plaintiff home from work early that day. Plaintiff complained about the retaliatory incident to Defendant's "SpeakUp" hotline.

22.     On or about May 29, 2019, Plaintiff was written up on the pretext that he briefly left work to move his car.

23.     On or around June 10, 2019, Defendant's "SpeakUp" hotline notified Plaintiff that the May 24, 2019 incident was "investigated and appropriate action was taken."

24.     On or about June 3, 2019, Plaintiff was marked as late, however, Plaintiff worked and was paid for 40 hours during that pay period.

25.     From on or about July 7 to July 14, 2020, Plaintiff used his "California Sick Pay."

26.     In or around July 2019, Plaintiff's coworker, Eduardo LNU, jumped on top of the pallet jack in the warehouse to ride it around, which is dangerous and against company policy. Plaintiff informed Mgr. Sanchez of the apparent OSHA violation, but Eduardo did not get written up.

27.     On or about July 18, 2019, Plaintiff injured his shoulder while picking up cases. Plaintiff received a write-up alleging that Plaintiff had incorrectly used fingerholds while picking up the cases and thus had injured himself due to negligence. However, Plaintiff had been holding the cases correctly. Plaintiff was marked as having left early, but Plaintiff had called in late using disability accommodation leave and/or FMLA/CFRA leave and had left early accompanied

-4-
COMPLAINT

**EXHIBIT A**

by Mgr. Perez to go to Concentra Medical Clinic for his injury from earlier in the day.

        28.      On or about July 18, 2019, Plaintiff's doctor, Dr. Erik Lim "Dr. Lim", recommended that Plaintiff take intermittent leave from July 18, 2019, to September 4, 2019 due to Plaintiff's shoulder injury. Dr. Lim stated that Plaintiff would need to take 3 to 4 hours off per week for treatments and 3 hours off per week for flareups.  Dr. Lim diagnosed Plaintiff's injury as a "Shoulder Strain- Strain of Unspecified Muscle, Fascia, and Tendon At Shoulder and Upper Arm Level, Left Arm, Initial Encounter." Dr. Lim also recommended that Plaintiff return with work restrictions, including but not limited to lifting up to 15 lbs and no reaching above the head. Dr. Lim's fitness for duty certification clarified that Plaintiff was temporarily unable to perform the essential functions of his position, but that Plaintiff could perform work that didn't violate his restrictions.  Dr. Lim's Fitness for Duty Certification stated that Plaintiff needed to be off work on an intermittent basis for Plaintiff's treatments and flare-ups.

        29.      Plaintiff had appointments with healthcare providers on July 18, 2019; July 19, 2019; July 23, 2019; July 25, 2019; July 26, 2019; August 2, 2019; August 5, 2019; August 6, 2019; August 9, 2019; August 12, 2019; August 15, 2019; August 16, 2019; August 19, 2019; August 29, 2019; and September 9, 2019.

        30.      In or around the end of July 2019, Plaintiff discussed Dr. Lim's recommendation with Mgr. Sierra. Plaintiff attempted to get FMLA/CFRA in order to recover from his injury. In words or substance, Mgr. Sierra said "You should be okay to work; you don't need any time off." After Plaintiff insisted that he follow his doctor's recommendations, Mgr. Sierra allowed Plaintiff to do office work. Despite the fact that Plaintiff presented his medial documents, including his Fitness for Duty Certification, Defendant's Leave Coordinator (Sedgwick Claims Management Services) never showed that Plaintiff had been granted any FMLA/CFRA for his injury.

        31.      In or around the end of July 2019, after Plaintiff attempted to take time off work for his shoulder injury, Plaintiff was switched from his usual position at the module to the "batch." On information and belief, the batch is a more difficult position compared to the module because it involves picking up full cases.

        32.      On or about August 26, 2019, Plaintiff used one hour of disability accommodation and/or FMLA/CFRA leave. On or about the same day, Plaintiff was sent home and Employer began an investigation into Plaintiff's attendance.  Plaintiff asked why his attendance was under investigation, but Defendant did not give Plaintiff any information. On information and belief, other employees who used FMLA/CFRA were not investigated.

**EXHIBIT A**

33.    On or about August 28, 2019, Plaintiff was suspended in-person by Mgr. Sierra and Rep. Cuervas due to Plaintiff's FMLA/CFRA and disability absences and write-ups. Mgr. Sierra and Rep. Cuervas informed Plaintiff that he was unable to return the premises, and that he was not able to speak to any other coworkers.

34.    On or about September 10, 2019, Plaintiff submitted a report to Defendant's "SpeakUp" hotline. Plaintiff complained about Mgr. Sierra's conduct on August 28, 2019 during Plaintiff's suspension, because Mgr. Sierra disclosed and discriminated against Plaintiff's FMLA/CFRA and need for disability accommodations including leave.

35.    On or about September 12, 2019, Plaintiff was terminated over the phone by Mgr. Sierra and Rep. Cuervas due to poor attendance.  Plaintiff immediately appealed his termination on the grounds that his absences and time off were covered by FMLA/CFRA, the right to accommodation for his disabilities, and Kin Care. In his appeal, Plaintiff stated that he provided all of the necessary documentation, and that his managers went weeks without communicating with him regarding the matter.

36.    On or about October 4, 2019, Defendant replied to Plaintiff's appeal, stating that Plaintiff still had outstanding attendance points after removing the inaccurately assessed points. Defendant denied Plaintiff's request for reinstatement.

37.    Employer was substantially motivated to and did discriminate and retaliate against Plaintiff, including terminating Plaintiff, based upon Plaintiff's attempts to and exercise of Plaintiff's right to family care leave as well as disability and medical leave, and retaliated against Plaintiff's opposition to discrimination and retaliation.

38.    On information and belief, Employer replaced Plaintiff with an individual who did not attempt to exercise family care leave and medical and/or disability leave. On information and belief, Employer harassed, discriminated and/or retaliated against other employees based on the same protected class as Plaintiff. On information and belief, Employer did not terminate or discipline other employees outside Plaintiff's protected class as severely for the same purported deficiencies for which Employer terminated and/or disciplined Plaintiff.

39.    As the proximate result of Defendant's wrongful conduct, Plaintiff has and will suffer past and future lost wages and benefits in an amount to be determined by the trier of fact, but estimated to be no less than $200,000, and has past and future emotional distress and mental suffering estimated to be no less than $300,000.

40.    Operations Manager Robert Sanchez, Operations Manager Matthew Perez, and Zone Operations Manager Barbara Sierra are managing agents of Employer because on

-6-
COMPLAINT

**EXHIBIT A**

information and belief they set major corporate policies for Employer, including through their authority to exercise substantial discretion, had the power to manage, supervise, evaluate, discipline, hire and fire other managers, enter into substantial agreements on behalf of Employer, as with vendors, contractors and/or customers, and participated in and/or ratified the harassing, discriminatory, retaliatory and unlawful termination of Mr. Moran. On information and belief, Mgr. Sanchez, Mgr. Perez, and Mgr. Sierra had authority to recommend, determine, implement, ratify and/or enforce major policies of Employer, including but not limited to discrimination, harassment and retaliation policies and legal compliance, and had responsibility to oversee the implementation, compliance and enforcement of those policies.

## IV.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICIES

## COMMON LAW TORT

## BY PLAINTIFF AGAINST EMPLOYER

41.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

42.     Employer discharged Plaintiff in violation of important and well-established public policies, set forth in various statutes and Constitutional provisions including but not limited to Government Code § 12940, 12948, see 12926 (employment discrimination and retaliation) and Cal. Const. Art. I, § 8 (employment discrimination).

43.     Employer's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven.

44.     Pursuant to Civil Code § 3294, Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known, authorized, ratified and/or perpetrated by its managing agents, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

## SECOND CAUSE OF ACTION

## FAMILY CARE LEAVE RETALIATION

## GOVT. CODE § 12945.2 (CFRA) AND FMLA

## BY PLAINTIFF AGAINST EMPLOYER

-7-

COMPLAINT

**EXHIBIT A**

45.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

46.     On information and belief, Employer has more than 50 employees within 75 miles of where Plaintiff worked and Plaintiff had worked for Employer for over 12 months and had worked over 1250 hours in the 12 months preceding Plaintiff's use of family care leave. Plaintiff's father and father-in-law had serious medical conditions requiring that Plaintiff periodically take time of work.

47.     Employer took adverse employment actions against Plaintiff in retaliation for Plaintiff's attempts to and exercise of Plaintiff's rights to family care leave under Govt. Code § 12945.2, and in retaliation for Plaintiff's opposition to Employer's interference with Plaintiff's rights.  Employer's retaliation violated Govt. Code § 12945.2, including subsection (l).

48.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

49.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

### THIRD CAUSE OF ACTION
### FAMILY CARE LEAVE DISCRIMINATION
### GOVT. CODE § 12945.2 (CFRA) AND FMLA
### BY PLAINTIFF AGAINST EMPLOYER

50.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

51.     On information and belief, Employer has more than 50 employees within 75 miles of where Plaintiff worked and Plaintiff had worked for Employer for over 12 months and had worked over 1250 hours in the 12 months preceding Plaintiff's use of family care leave.

52.     On information and belief, Employer discouraged Plaintiff from taking and denied Plaintiff family care leave from work in violation of Govt. Code § 12945.2, in part by terminating Plaintiff's employment to prevent Plaintiff from taking family care leave from work in the future.

-8-

COMPLAINT

**EXHIBIT A**

53.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

54.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

**FOURTH CAUSE OF ACTION**

**MEDICAL LEAVE RETALIATION**

**GOVT. CODE § 12945.2 (CFRA) AND FMLA**

**BY PLAINTIFF AGAINST EMPLOYER**

55.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

56.     On information and belief, Employer has more than 50 employees within 75 miles of where Plaintiff worked and Plaintiff had worked for Employer for over 12 months and had worked over 1250 hours in the 12 months preceding Plaintiff's use of medical leave. Plaintiff had a serious medical condition requiring that she periodically take time of work.

57.     Employer took adverse employment actions against Plaintiff in retaliation for Plaintiff's attempts to and exercise of Plaintiff's rights to medical leave "Shoulder Strain- Strain of Unspecified Muscle, Fascia, and Tendon At Shoulder and Upper Arm Level, Left Arm, Initial Encounter." under Govt. Code § 12945.2, and in retaliation for Plaintiff's opposition to Employer's interference with Plaintiff's rights.  Employer's retaliation violated Govt. Code § 12945.2, including subsection (l).

58.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

59.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

-9-

COMPLAINT

**EXHIBIT A**

## FIFTH CAUSE OF ACTION
## MEDICAL LEAVE DISCRIMINATION
## GOVT. CODE § 12945.2 (CFRA) AND FMLA
## BY PLAINTIFF AGAINST EMPLOYER

60.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

61.     On information and belief, Employer has more than 50 employees within 75 miles of where Plaintiff worked and Plaintiff had worked for Employer for over 12 months and had worked over 1250 hours in the 12 months preceding Plaintiff's use of medical leave.

62.     On information and belief, Employer discouraged Plaintiff from taking and denied Plaintiff medical leave from work in violation of Govt. Code § 12945.2, in part by terminating Plaintiff's employment to prevent Plaintiff from taking medical leave from work in the future.

63.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

64.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## SIXTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION
## GOVT. CODE § 12940(A)
## BY PLAINTIFF AGAINST EMPLOYER

65.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

66.     Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or future disabilities, including but not limited to shoulder injury and related conditions and symptoms requiring disability leave and medical evaluation and treatment, sometimes during working hours. Plaintiff was diagnosed with "Shoulder Strain- Strain of Unspecified Muscle, Fascia, and Tendon At Shoulder and Upper Arm Level, Left Arm, Initial

-10-
COMPLAINT

**EXHIBIT A**

Encounter."

67.     Employer took adverse employment actions against Plaintiff, including termination, that were substantially motivated by Plaintiff's protected class. This violated Govt. Code 12940, including subsection (a).

68.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven. Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

69.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

### SEVENTH CAUSE OF ACTION
### RETALIATION FOR REQUESTING AND USING ACCOMMODATIONS FOR DISABILITIES
### GOVT. CODE § 12940(M)
### BY PLAINTIFF AGAINST EMPLOYER

70.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

71.     Employer retaliated against Plaintiff for requesting and using accommodations for his disabilities, including time off work for flareups in symptoms and treatment. Employer's conduct violated Govt. Code § 12940, including subsection (m).

72.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven. Plaintiff has been required to hire attorneys, including Geoffrey Lyon of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

73.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

COMPLAINT

**EXHIBIT A**

## EIGHTH CAUSE OF ACTION
## FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH, INTERACTIVE PROCESS TO
## DETERMINE REASONABLE ACCOMMODATION FOR DISABILITY
## GOVT. CODE § 12940(N)
## BY PLAINTIFF AGAINST EMPLOYER

74.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

75.     Employer failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disabilities. Employer discouraged Plaintiff from taking further leave.  This violated Govt. Code § 12940, including subsection (n).

76.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

77.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## NINTH CAUSE OF ACTION
## FAILURE TO REASONABLY ACCOMMODATE DISABILITIES
## GOVT. CODE § 12940(M)
## BY PLAINTIFF AGAINST EMPLOYER

78.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

79.     Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or future physical or mental disabilities, including but not limited to shoulder injury and related conditions and symptoms. Plaintiff's disabilities required reasonable accommodations, including but not limited to disability leave and medical treatment, sometimes during working hours.

80.     Employer failed to make reasonable accommodations for the disabilities of Plaintiff. Employer tried to intimidate Plaintiff to prevent Plaintiff from requesting further

-12-

**EXHIBIT A**

accommodations.  This violated Govt. Code § 12940, including subsection (m).

81.  Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

82.  Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## TENTH CAUSE OF ACTION

## RETALIATION FOR OPPOSING VIOLATIONS FEHA

## GOVT. CODE § 12940(H)

## BY PLAINTIFF AGAINST EMPLOYER

83.  Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

84.  Employer discriminated against Plaintiff in the terms, conditions and existence of Plaintiff's employment because Plaintiff opposed practices of Employer and Individual Defendants forbidden by FEHA, Govt. Code §§ 12900-12996, including but not limited to Govt. Code §§ 12926, 12940, 12946 (employment discrimination) and § 12948.  Employer's retaliation violated Govt. Code § 12940, including subsection (h).

85.  Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven.  Plaintiff has been required to hire attorney Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorney fees.  Plaintiff is entitled to injunctive relief including reinstatement and back pay and promotion without discrimination or retaliation.

86.  Pursuant to Civil Code § 3294, Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known, authorized, ratified and/or perpetrated by its managing agents, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

-13-

COMPLAINT

**EXHIBIT A**

### ELEVENTH CAUSE OF ACTION
### FAILURE TO PREVENT AND STOP  DISCRIMINATION AND RETALIATION
### GOVT. CODE § 12940(J), (K)
### BY PLAINTIFF AGAINST EMPLOYER

87.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

88.     Employer knew or reasonably should have known of the discrimination and retaliation against Plaintiff.  Employer failed to take all reasonable steps to prevent these from occurring to Plaintiff, including but not limited to failing to take complaints seriously, failing to timely and thoroughly investigate and document evidence of harassment, discrimination and retaliation, failing to report the results of its investigation to Plaintiff, and failing to take timely and appropriate corrective and preventive action to stop the harassment, discrimination and retaliation. This violated Govt. Code § 12940, including subsections (j) and (k).

89.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

90.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

### TWELFTH CAUSE OF ACTION
### WHISTLEBLOWER RETALIATION
### LABOR CODE §§ 1102.5 & 1102.6
### BY PLAINTIFF AGAINST EMPLOYER

91.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

92.     Plaintiff reported to supervisors, and refused to participate in, Employer's activities that Plaintiff reasonably believed, would result in a violation of, or noncompliance with, state or federal regulations, statutes or Constitutional provisions, including but not limited to Cal. Govt. Code 12940, 12945.2, Cal. Labor Code, and workplace safety laws including Cal-OSHA.

93.     Employer was substantially motivated to, and did, take adverse employment

-14-
COMPLAINT

**EXHIBIT A**

actions against Plaintiff in retaliation for Plaintiff's protected activities, in violation of Labor Code §§ 1102.5 & 1102.6.

94.      Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven, and $10,000 per violation under CC § 1102.5 & 1102.6.

95.      Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

-15-
COMPLAINT

**EXHIBIT A**

## V.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more specifically set forth in the individual causes of action:

1. For special compensatory damages, including past and future lost wages and medical expenses, in an amount to be proven, but estimated to be no less than $200,000;

2. For general compensatory damages, including for past and future emotional distress, in an amount to be proven, but estimated to be no less than $300,000;

3. For punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven;

4. For statutory damages and penalties, including under the Labor Code, including § 1102.5;

5. For injunctive relief;

6. For prejudgment interest;

7. For costs of suit, including under CCP 1033.5, in an amount to be proven;

8. For reasonable attorneys' fees, including litigation assistant fees, including under Govt. Code § 12965, in an amount to be proven;

9. For such other and further relief as the court deems just and proper.

DATED: November 27, 2020            LYON LAW PC

By: Geoffrey C. Lyon
Attorney for Plaintiff,
JAMES MORAN

-16-
COMPLAINT

**EXHIBIT A**

## VI.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all issues in this action triable by a jury, including but not limited to issues of liability and damages.

DATED: November 27, 2020                    LYON LAW PC

By:  Geoffrey C. Lyon
Attorney for Plaintiff,
JAMES MORAN

-17-
COMPLAINT

**EXHIBIT A**

# EXHIBIT  1

**EXHIBIT A**



S A E O CAL ORN A I Business, Consumer Services and Housing Agency                    GAV N NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEV N K SH, D REC OR
2218 Kausen Drive  Suite 100  Elk Grove  CA  95758
(800) 884 1684 (Voice)  (800) 700 2320 (TTY) | California s Relay Service at 711
http //www dfeh ca gov  Email  contact center@dfeh ca gov

November 26, 2020

Geoffrey Lyon
10960 Wilshire Blvd, 820
Los Angeles, California 90024

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202011-11896523
       Right to Sue: Moran / Rolling Frito-Lay Sales, LP

Dear Geoffrey Lyon:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing


**EXHIBIT A**



S A E O  CAL  ORN A l Business, Consumer Services and Housing Agency                                    GAV N NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEV N K SH, D REC  OR
2218 Kausen Drive  Suite 100  Elk Grove  CA  95758
(800) 884 1684 (Voice)  (800) 700 2320 (TTY) | California s Relay Service at 711
http //www dfeh ca gov  Email  contact center@dfeh ca gov

November 26, 2020

RE:    **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202011-11896523
        Right to Sue: Moran / Rolling Frito-Lay Sales, LP

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

**EXHIBIT A**

S A E O  CAL  ORN A | Business, Consumer Services and Housing Agency                    GAV N NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEV N K SH, D REC  OR
2218 Kausen Drive  Suite 100  Elk Grove  CA  95758
(800) 884 1684 (Voice)  (800) 700 2320 (TTY) | California s Relay Service at 711
http //www dfeh ca gov  Email  contact center@dfeh ca gov

November 26, 2020

James Moran
7102 Miramonte Blvd
Los Angeles, California 90001

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202011-11896523
       Right to Sue: Moran / Rolling Frito-Lay Sales, LP

Dear James Moran:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
November 26, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**EXHIBIT A**

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
James Moran                                    DFEH No. 202011-11896523

                    Complainant,

vs.

Rolling Frito-Lay Sales, LP
1500 Francisco Street
Los Angeles, California 90501

                    Respondents
_____

1. Respondent **Rolling Frito-Lay Sales, LP** is an employer **Rolling Frito-Lay Sales, LP** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.
3. Complainant **James Moran**, resides in the City of **Los Angeles**, State of **California**.

4. Complainant alleges that on or about **October 3, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, ancestry, national origin (includes language restrictions), color, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over), other, association with a member of a protected class.

**Complainant was discriminated against** because of complainant's race, ancestry, national origin (includes language restrictions), color, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over), other, association with a member of a protected class and as a result of the discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), other, denied work opportunities or assignments, denied or forced to transfer.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation,

-1-
*Complaint – DFEH No. 202011-11896523*

Date Filed: November 26, 2020

**EXHIBIT A**

participated as a witness in a discrimination or harassment complaint, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), other, denied work opportunities or assignments, denied or forced to transfer.

**Additional Complaint Details:** Plaintiff JAMES MORAN ("Plaintiff") was employed by Defendant ROLLING FRITO-LAY SALES, LP ("Employer") from approximately March 2016 through Plaintiff's termination on or about September 12, 2019. Plaintiff worked full-time at 1500 Francisco Street, Torrance, CA 90501. Plaintiff's job title was "Warehouser," and Plaintiff's duties included selecting cases of products. Plaintiff worked under managers and supervisors including Operations Manager Robert Sanchez ("Mgr. Sanchez"), Operations Manager Matthew Perez ("Mgr. Perez"), and Zone Operations Manager Barbara Sierra ("Mgr. Sierra"). At all relevant times, Plaintiff performed his duties competently and satisfactorily, and Employer's stated reasons for termination of Plaintiff's employment were pretexts for unlawful discrimination and retaliation.

On or about October 9, 2018, Plaintiff was written up for using the restroom while not on a rest break or lunch break. The Operations Manager at the time, Maninder Grewal ("Mgr. Grewal"), saw and spoke with Plaintiff in the restroom and later told Supervisor Andrew Martinez ("Supr. Martinez") to give Plaintiff a write-up. Plaintiff spoke to Human Resources Representative Claudia Cuervas ("Rep. Cuervas") about the matter, who agreed to switch the status of the action from a write-up to a verbal coaching. Plaintiff also contacted an employee support hotline about the matter; the hotline operators never responded to Plaintiff.

During the period of Plaintiff's employment with Employer, Plaintiff had, and/or was perceived by Employer as having and/or likely to have disabilities in the future. These disabilities included but are not limited to "Shoulder Strain- Strain of Unspecified Muscle, Fascia, and Tendon At Shoulder and Upper Arm Level, Left Arm, Initial Encounter," and related physical symptoms, including severe pain, greatly restricted mobility and severe weakness in the affected parts of the body, and/or other named symptom and related symptoms, conditions and limitations. Plaintiff also took medications for his disabilities and related conditions. On information and belief, such medications and their side effects were, or were perceived by Employer to be, actually or potentially disabling. Plaintiff's disabilities did and/or were regarded by Employer as interfering with and limiting Plaintiff's major life activities, including ability to work. Plaintiff's disabilities required reasonable accommodations, including but not limited to periodic time off work for medical treatment and recuperation from flare ups of symptoms, rest breaks during work, and alternating between sitting and standing at work. Employer failed and refused to provide reasonable accommodations for Plaintiff's disabilities.

At all relevant times Plaintiff was qualified for Plaintiff's job position with Employer, and could perform all essential functions of Plaintiff's job, and of reasonably available alternative positions of Employer, either with or without reasonable accommodations, without unreasonably endangering Plaintiff's or anyone else's health or safety

-2-
Complaint – DFEH No. 202011-11896523

Date Filed: November 26, 2020

**EXHIBIT A**

Top

1   On or about March 28, 2019, Plaintiff was approved for intermittent FMLA/CFRA
family care leave for March 28, 2019 to September 27, 2019 to take care of his father, who
2   was on hospice care.
From in or around March 2019 to in or around April 2019, Plaintiff assisted in caring
3   for the medical needs of his father and father-in-law.
From in or around March 2019 to in or around August 2019, while Plaintiff and his
4   coworkers did "stretch outs" on their breaks, Plaintiff's coworkers, including but not limited to
Eric Nunez "Mr. Nunez," Hugo Limon "Mr. Limon," Art Torez "Mr. Torez," Miguel LNU, and
5   Edwin LNU made remarks about Plaintiff's FMLA/CFRA. Their remarks, in words or
substance, included "I wish I could have time off" and "I wish I could go on vacation." These
6   remarks were made in front of Plaintiff's managers. Plaintiff was offended and expressed
opposition to the remarks, but Plaintiff's managers never investigated or took steps to
7   prevent the harassing remarks.
On or about April 6, 2019, Plaintiff's father-in-law passed away.
8       On or about April 26, 2019, Plaintiff's father passed away.
In or around May 2019, Plaintiff's coworker Hugo Limon "Mr. Limon" took more time
9   off than he was supposed to using FMLA/CFRA. Plaintiff informed Rep. Cuervas, who did
not respond and did not write up Mr. Limon.
10      On or around May 17, 2019, Plaintiff was written up for clocking out of his break 7
minutes into his break.
11      On or about May 24, 2019, Mgr. Sierra reported to Rep. Cuervas that someone else
had clocked Plaintiff in to work that day. However, as noted on the subsequent written
12   report, employees Andreas LNU ("Emp. Andreas") and David LNU ("Emp. David") both
witnessed Plaintiff clocking himself in to work. Mgr. Sierra sent Plaintiff home from work
13   early that day. Plaintiff complained about the retaliatory incident to Defendant's "SpeakUp"
hotline.
14      On or about May 29, 2019, Plaintiff was written up on the pretext that he briefly left
work to move his car.
15      On or around June 10, 2019, Defendant's "SpeakUp" hotline notified Plaintiff that the
May 24, 2019 incident was "investigated and appropriate action was taken."
16      On or about June 3, 2019, Plaintiff was marked as late, however, Plaintiff worked
and was paid for 40 hours during that pay period.
17      From on or about July 7 to July 14, 2020, Plaintiff used his "California Sick Pay."
In or around July 2019, Plaintiff's coworker, Eduardo LNU, jumped on top of the
18   pallet jack in the warehouse to ride it around, which is dangerous and against company
policy. Plaintiff informed Mgr. Sanchez of the apparent OSHA violation, but Eduardo did not
19   get written up.
On or about July 18, 2019,  Plaintiff injured his shoulder while picking up cases.
20   Plaintiff received a write-up alleging that Plaintiff had incorrectly used fingerholds while
picking up the cases and thus had injured himself due to negligence. However, Plaintiff had
21   been holding the cases correctly. Plaintiff was marked as having left early, but Plaintiff had
called in late using disability accommodation leave and/or FMLA/CFRA leave and had left
22   early accompanied by Mgr. Perez to go to Concentra Medical Clinic for his injury from earlier
in the day.
23      On or about July 18, 2019, Plaintiff's doctor, Dr. Erik Lim "Dr. Lim", recommended
that Plaintiff take intermittent leave from July 18, 2019, to September 4, 2019  due to
24   Plaintiff's shoulder injury. Dr. Lim stated that Plaintiff would need to take 3 to 4 ??? hours off

25

26

27                                       -3-

28   Date Filed: November 26, 2020

per week for treatments and 3 hours off per week for flareups.  Dr. Lim diagnosed Plaintiff's injury as a "Shoulder Strain- Strain of Unspecified Muscle, Fascia, and Tendon At Shoulder and Upper Arm Level, Left Arm, Initial Encounter." Dr. Lim also recommended that Plaintiff return with work restrictions, including but not limited to lifting up to 15 lbs and no reaching above the head. Dr. Lim's fitness for duty certification clarified that Plaintiff was temporarily unable to perform the essential functions of his position, but that Plaintiff could perform work that didn't violate his restrictions.  Dr. Lim's Fitness for Duty Certification stated that Plaintiff needed to be off work on an intermittent basis for Plaintiff's treatments and flare-ups.

Plaintiff had appointments with healthcare providers on July 18, 2019; July 19, 2019; July 23, 2019; July 25, 2019; July 26, 2019; August 2, 2019; August 5, 2019; August 6, 2019; August 9, 2019; August 12, 2019; August 15, 2019; August 16, 2019; August 19, 2019; August 29, 2019; and September 9, 2019.

In or around the end of July 2019, Plaintiff discussed Dr. Lim's recommendation with Mgr. Sierra. Plaintiff attempted to get FMLA/CFRA in order to recover from his injury. In words or substance, Mgr. Sierra said "You should be okay to work; you don't need any time off." After Plaintiff insisted that he follow his doctor's recommendations, Mgr. Sierra allowed Plaintiff to do office work. Despite the fact that Plaintiff presented his medial documents, including his Fitness for Duty Certification, Defendant's Leave Coordinator (Sedgwick Claims Management Services) never showed that Plaintiff had been granted any FMLA/CFRA for his injury.

In or around the end of July 2019, after Plaintiff attempted to take time off work for his shoulder injury, Plaintiff was switched from his usual position at the module to the "batch." On information and belief, the batch is a more difficult position compared to the module because it involves picking up full cases.

On or about August 26, 2019, Plaintiff used one hour of disability accommodation and/or FMLA/CFRA leave. On or about the same day, Plaintiff was sent home and Employer began an investigation into Plaintiff's attendance.  Plaintiff asked why his attendance was under investigation, but Defendant did not give Plaintiff any information. On information and belief, other employees who used FMLA/CFRA were not investigated.

On or about August 28, 2019, Plaintiff was suspended in-person by Mgr. Sierra and Rep. Cuervas due to Plaintiff's FMLA/CFRA and disability absences and write-ups. Mgr. Sierra and Rep. Cuervas informed Plaintiff that he was unable to return the premises, and that he was not able to speak to any other coworkers.

On or about September 10, 2019, Plaintiff submitted a report to Defendant's "SpeakUp" hotline. Plaintiff complained about Mgr. Sierra's conduct on August 28, 2019 during Plaintiff's suspension, because Mgr. Sierra disclosed and discriminated against Plaintiff's FMLA/CFRA and need for disability accommodations including leave.

On or about September 12, 2019, Plaintiff was terminated over the phone by Mgr. Sierra and Rep. Cuervas due to poor attendance.  Plaintiff immediately appealed his termination on the grounds that his absences and time off were covered by FMLA/CFRA, the right to accommodation for his disabilities, and Kin Care. In his appeal, Plaintiff stated that he provided all of the necessary documentation, and that his managers went weeks without communicating with him regarding the matter.

On or about October 4, 2019, Defendant replied to Plaintiff's appeal, stating that Plaintiff still had outstanding attendance points after removing the inaccurately assessed points. Defendant denied Plaintiff's request for reinstatement.

-4-
*Complaint – DFEH No. 202011-11896523*

Date Filed: November 26, 2020

**EXHIBIT A**

Employer was substantially motivated to and did discriminate and retaliate against Plaintiff, including terminating Plaintiff, based upon Plaintiff's attempts to and exercise of Plaintiff's right to family care leave as well as disability and medical leave, and retaliated against Plaintiff's opposition to discrimination and retaliation.

On information and belief, Employer replaced Plaintiff with an individual who did not attempt to exercise family care leave and medical and/or disability leave. On information and belief, Employer harassed, discriminated and/or retaliated against other employees based on the same protected class as Plaintiff. On information and belief, Employer did not terminate or discipline other employees outside Plaintiff's protected class as severely for the same purported deficiencies for which Employer terminated and/or disciplined Plaintiff.

As the proximate result of Defendant's wrongful conduct, Plaintiff has and will suffer past and future lost wages and benefits in an amount to be determined by the trier of fact, but estimated to be no less than $200,000, and has past and future emotional distress and mental suffering estimated to be no less than $300,000.

Operations Manager Robert Sanchez, Operations Manager Matthew Perez, and Zone Operations Manager Barbara Sierra are managing agents of Employer because on information and belief they set major corporate policies for Employer, including through their authority to exercise substantial discretion, had the power to manage, supervise, evaluate, discipline, hire and fire other managers, enter into substantial agreements on behalf of Employer, as with vendors, contractors and/or customers, and participated in and/or ratified the harassing, discriminatory, retaliatory and unlawful termination of Mr. Moran. On information and belief, Mgr. Sanchez, Mgr. Perez, and Mgr. Sierra had authority to recommend, determine, implement, ratify and/or enforce major policies of Employer, including but not limited to discrimination, harassment and retaliation policies and legal compliance, and had responsibility to oversee the implementation, compliance and enforcement of those policies.

-5-
Complaint – DFEH No. 202011-11896523

Date Filed: November 26, 2020

**EXHIBIT A**

1  VERIFICATION

2  I, **Geoffrey C Lyon**, am the **Attorney** in the above-entitled complaint.  I have read the

3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On November 26, 2020, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                    **Los Angeles CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -6-
27                              *Complaint – DFEH No. 202011-11896523*

28  Date Filed: November 26, 2020


**EXHIBIT A**

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Geoffrey C. Lyon<br>LYON LAW PC<br>10960 Wilshire Blvd. Ste. 820 Los Angeles, CA 90024<br>TELEPHONE NO.: 310-818-7700    FAX NO. *(Optional):* 424-832-7405<br>ATTORNEY FOR *(Name):* James Moran | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill St
MAILING ADDRESS: 111 N. Hill St
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
JAMES MORAN v. ROLLING FRITO-LAY SALES, LP; and DOES 1 to 10.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 20STCV46889 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence       court
       f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Twelve (12)
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 23, 2020
Geoffrey C. Lyon
_____
*(TYPE OR PRINT NAME)*                                      ► *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

**EXHIBIT A**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Page 2 of 2

**EXHIBIT A**

| SHORT TITLE: Moran v. Rolling Frito-Lay Sales, LP; et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 12/18<br>For Mandatory Use | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | Local Rule 2.3<br>Page 1 of 4 |

**EXHIBIT A**

| SHORT TITLE: Moran v. Rolling Frito-Lay Sales, LP; et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT A**

| SHORT TITLE: Moran v. Rolling Frito-Lay Sales, LP; et al. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

**EXHIBIT A**

| SHORT TITLE: Moran v. Rolling Frito-Lay Sales, LP; et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 1500 Francisco St. |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Torrance | CA | 90501 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 24, 2020

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**EXHIBIT A**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/08/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV46889 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Robert S. Draper | 78 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    **Sherri R. Carter, Executive Officer / Clerk of Court**

on 12/08/2020
(Date)

By R. Clifton _____ , Deputy Clerk

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

**EXHIBIT A**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**EXHIBIT A**